IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


CHRISTOPHER DOTY,                    :
                                     :
          Plaintiff                  :        CIVIL NO. 3:CV-17-138
                                     :
     v.                              :
                                     :        (Judge Conaboy)
                                     :
L. JARVIS,                           :
                                     :
          Defendants                 :
_____

**MEMORANDUM**
**Background**

     Christopher Doty, an inmate presently confined at the State
Correctional Institution, Frackville, Pennsylvania (SCI-Frackville)
initiated this pro se civil rights action pursuant to 42 U.S.C. §
1983.  Named as sole Defendant is SCI-Frackville Hearing Examiner
L. Jarvis.  Accompanying the Complaint is a request for leave to
proceed in forma pauperis.  See Doc. 7. For the reasons that
follow, Plaintiff's action will be dismissed without prejudice.

     Plaintiff admits that on July 20, 2015 he participated in the
assault of another SCI-Frackville inmate.  As a result of his
involvement, he received an institutional misconduct charging him
with assault.  Doty was found guilty of that charge by Hearing
Examiner Lequis, a non-defendant, and was sanctioned to a ninety
(90) day term of disciplinary custody.

     After Plaintiff completed service of his disciplinary custody

1

term, he was allegedly placed in administrative segregation on or about October 18, 2015 by a prison Program Review Committee (PRC). According to the Complaint, a PRC subsequently recommended that Plaintiff be returned to general population on June 22, 2016. Doty contends that the PRC's decision disregarded his expressed fears for his safety if returned to general population. Plaintiff indicates that he thereafter refused an order to return to general population and was issued a misconduct as a consequence of that refusal.

A hearing on the misconduct charge was conducted by Hearing Examiner Jarvis on June 28, 2016. Jarvis allegedly dismissed the misconduct informing the Plaintiff that the inmate needed to deal with any ramifications from other prisoners stemming from his involvement the July 2015 incident. See Doc. 1, ¶ 12. Plaintiff asserts that he filed a grievance against Jarvis regarding the actions and remarks attributed to that Defendant during the disciplinary hearing.

On July 5, 2016, Doty asserts that he elected to forego attendance at a disciplinary hearing stemming from a June 29, 2016 misconduct charge because multiple prisoners were being permitted to walk around freely. Plaintiff was found guilty of the charge (presumably failure to obey an order) by the Defendant and was sanctioned to a thirty (30) day term of disciplinary custody. See id. at ¶ 15.

On August 4, 2016, Plaintiff was again issued a misconduct for refusing to obey an order to return to general poulation.  A disciplinary hearing on the charge was conducted on August 9, 2016.  Plaintiff was found guilty by the Defendant and received a thirty (30) day term of disciplinary custody as a sanction.  See id. at ¶ 19.

On August 19, 2016, Doty was issued another misconduct for refusing to obey an order.  Following a disciplinary hearing before Defendant Jarvis, the Plaintiff was sanctioned to another thirty (30) day term of disciplinary custody. See id. at ¶ 16.

Plaintiff next contends that he was issued another misconduct for refusing to return to general population on October 6, 2016.  A disciplinary hearing on the charge was conducted by the Defendant on October 11, 2016.  The Plaintiff was again found guilty and sanction to another thirty (30) day term of disciplinary custody. See id. at ¶ 23.

On November 4, 2016, Doty received yet another misconduct for refusing to go to general population.  Once again Defendant Jarvis presided at the ensuing misconduct hearing, found Plaintiff guilty, and sanctioned him a thirty (30) day disciplinary custody term. See id. at ¶ 25.  The Complaint contends that Defendant Jarvis acted in retaliation over Plaintiff's filing of a grievance against him by finding the inmate guilty with respect to each of the above described disciplinary proceedings.  Doty also indicates that he

3

was not given proper credit for time spent in disciplinary custody at least with respect to some of the sanctions imposed by Hearing Examiner Jarvis and that he should not have been found guilty for simply expressing fears for his safety.  The Complaint also raises a state law tort claim of negligence against Hearing Examiner Jarvis.

As relief, Plaintiff seeks an award of compensatory and punitive damages for emotional and mental injuries as well as declaratory and injunctive relief including expungement of the underlying disciplinary charges.

## **Discussion**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has

added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## Emotional Injury

The Complaint asserts that Plaintiff has suffered emotional distress for which he seeks to recover monetary damages. See Doc. 1, p. 7. There is no allegation that Doty has suffered any accompanying physical injury. For the reasons outlined below, Plaintiff is not entitled to recover compensatory damages for mental anguish or emotional injury.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Third Circuit Court

5

of Appeals added that an inmate alleging a violation of his
constitutional rights may still pursue the action to recover
nominal and/or punitive damages even in the absence of compensable
harm.

Under the standards announced in <u>Allah</u>, Plaintiff's request
for monetary relief to the extent that it seeks compensatory
damages for emotional and psychological injuries for violation of
his constitutional rights is barred by Section 1997e(e).

## Disciplinary Placement

Plaintiff alleges that he was improperly sanctioned to
multiple terms of disciplinary confinement.  The Complaint explains
that Doty should not have been punished for simply voicing concerns
regarding his need to be kept separated from other prisoners.

A plaintiff, in order to state a viable civil rights claim,
must plead two essential elements:  (1) that the conduct complained
of was committed by a person acting under color of law, and (2)
that said conduct deprived the plaintiff of a right, privilege, or
immunity secured by the Constitution or laws of the United States.
<u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995);
<u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir.
1990).

The Fourteenth Amendment of the United States Constitution
provides in pertinent part: "No State shall . . . deprive any
person of life, liberty, or property, without due process of law .

. . ."  The Supreme Court has mandated a two-part analysis of a procedural due process claim:  first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property[,]'" and second, "if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'"  Ingraham v. Wright, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

Liberty interests protected by the Fourteenth Amendment may arise either from the Due Process Clause itself or from state law. Meachum v. Fano, 427 U.S. 215, 223-26 (1976).  In Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), the Supreme Court recognized that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing serious institutional sanctions is entitled to some procedural protection before penalties can be imposed.  Id. at 563-71.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court reiterated that the due process safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits.  However, Sandin focused the liberty interest analysis from one "based on the language of a particular

regulation" to "the nature of the deprivation" experienced by the prisoner. Id. at 481. In Sandin the Supreme Court reasoned, inter alia, that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence. Id. at 485. The nature of an inmate's confinement in disciplinary segregation was found similar to that of inmates in administrative segregation and protective custody at his prison. Id. at 486.

Focusing on the nature of the punishment instead of on the words of any regulation, the Supreme Court held that the procedural protections in Wolff were inapplicable because the "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. The Court examined the nature of disciplinary segregation and found that "[b]ased on a comparison between inmates inside and outside disciplinary segregation, the State's actions in placing him there for 30 days did not work a major disruption in his environment." Id. In the final holding of the opinion, the Court stated that neither the state prison regulation in question, nor the Due Process Clause itself, afforded a protected liberty interest that would entitle state prisoners to the procedural protections set forth in Wolff." See id. at 487 (emphasis added).[1]

_____

1.  The Sandin Court relied on three factors in making this determination: (1) confinement in disciplinary segregation mirrored conditions of administrative segregation and other

Courts within this circuit, applying <u>Sandin</u> in various actions, have found no merit in procedural due process claims presented regarding institutional misconduct proceedings which resulted in disciplinary custody placement.  See <u>Torres v. Fauver</u>, 292 F.3d 141, 150-51 (3d Cir. 2002)(because prisoners can reasonably anticipate transfer to disciplinary custody, placement in segregation as a disciplinary sanction did not implicate a protected liberty interest); <u>Smith v. Mensinger</u>, 293 F.3d 641, 645, 654 (3d Cir. 2002)(seven (7) months of disciplinary confinement did not implicate liberty interest).

In <u>Diaz v. Canino</u>, 2012 WL 5352483 *3 (3d Cir. Oct. 31, 2012), the Third Circuit Court of Appeals reiterated that the sanctions resulting from prison disciplinary hearings do not affect a protected liberty interest unless the sanction imposes an atypical and significant hardship on the inmate.  In <u>Diaz</u>, the Court of Appeals concluded that a 360 day term of disciplinary confinement did not implicate a protected liberty interest.  Considering the rules of law set forth in <u>Sandin</u> and the subsequent line of decisions by the Third Circuit Court of Appeals, this Court finds that any Plaintiff's claims pertaining to the imposition of five

---

forms of discretionary confinement; (2) based on a comparison between inmates inside and outside segregation, the state's action in placing the inmate there did not work a major disruption in the inmate's environment; and (3) the state's action did not inevitably affect the duration of inmate's sentence.

separate thirty (30) day periods of disciplinary custody which were imposed as the result of misconduct charges does not set forth a viable constitutional claim because Doty had no protected liberty interest.[2]

Since there is no claim by Doty that he was sanctioned to a loss of good time credits or any other sanction which adversely affected the duration of his confinement, a viable due process claim has not been set forth.[3]

## Retaliation

The Plaintiff makes a claim that he was subjected to retaliation for his filing of a grievance against Hearing Examiner Jarvis. According to the Complaint, Jarvis acted improperly by finding Plaintiff guilty of multiple disciplinary charges when the inmate was simply acting in fear for his safety.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements. First, a plaintiff must prove that he was engaged in a constitutionally protected activity. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir.

---

[2] It is further noted that a disciplinary charge issued against Doty was dismissed by the Defendant on June 28, 2016 without the imposition of any sanctions and as such does not set forth a viable claim.

[3] It is initially noted that Plaintiff indicates that Jarvis dismissed the initial charge and allowed Plaintiff opportunity to return to general population. However Plaintiff indicates that he did not wish to return to general population and he does not deny that he denied multiple orders by correctional staff on various dates to return to general population.

2001).  Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials."  Id. (quoting Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights."  Id. (quoting Suppon v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)).  Third, a prisoner must prove that "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to discipline him."  Rauser, 241 F.3d at 333-34 (quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977)).

The mere fact that an adverse action occurs after either a misconduct appeal or grievance is filed is relevant, but not dispositive, for the purpose of establishing a causal link between the two events.  See Lape v. Pennsylvania, 157 Fed. App'x. 491, 498 (3d Cir. 2005).  Only where the facts of a particular case are "unusually suggestive" of a retaliatory motive will temporal proximity, standing alone, support an inference of causation. Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

Once the plaintiff has made a prima facie case, the burden shifts to defendants to prove by a preponderance of the evidence that they "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir. 2002) (internal

11

quotation and citation omitted). When analyzing a retaliation claim, it must be recognized that the task of prison administrators and staff is difficult, and the decisions of prison officials require deference, particularly where prison security is concerned. Rauser, 241 F.3d at 334.

As noted in Allah, a prisoner litigating a retaliation claim need not prove that he had an independent liberty interest in the privileges that he was denied. Thus, the relevant inquiry is not whether the alleged retaliatory conduct was unconstitutional. On the contrary, Plaintiff only needs to establish that he was subjected to adverse action in retaliation for his engagement in constitutionally protected conduct.

The submission of grievances is constitutionally protected conduct. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). As such, this Court will accept that the first prong of Rauser, i.e., that the plaintiff be engaged in a constitutionally protected activity, has been satisfied.

The second prong of Rauser requires that Doty allege that he suffered adverse action sufficient to deter a person of ordinary firmness from exercising his First Amendment rights. Third, he must show that his pursuit of grievances was a substantial or motivating factor behind the alleged abuse by correctional staff as required under Rauser.

The filing of a disciplinary charge, although not otherwise

actionable under § 1983, is actionable if done in retaliation for an inmate's filing of a grievance pursuant to established procedures. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); see also Newsom v. Norris, 888 F.2d 371, 377 (6th Cir. 1989) (filing of false disciplinary charges is not a constitutional violation unless charges were filed in retaliation for the exercise of a constitutional right); Flanagan v. Shively, 783 F. Supp. 922, 931 (M.D. Pa. 1992) (McClure, J.) (same); Wilson v. Maben, 676 F. Supp. 581, 584 (M.D. Pa. 1987) (Nealon, J.) ("When an inmate charged with misconduct has been afforded . . . procedural due process . . ., an allegation that he was falsely accused does not state a claim for a violation of his constitutional rights . . . .").

There are simply no facts set forth by Doty which could arguably support a claim under Rauser that the Defendant intentionally subjected him to a retaliatory finding of guilt. It is specifically noted that Jarvis was not the person who filed the disciplinary charges at issue. Second, there are no allegations that Hearing Examiner Jarvis failed to provide Plaintiff with any of the procedural due process protections provided to inmates during disciplinary proceedings. Third, Plaintiff does not dispute that he committed the charged acts of misconduct, i.e., Doty refused multiple orders to return to general poulation. Given those considerations, a viable claim that Jarvis retaliated against

13

Plaintiff as a consequence for pursuing a constitutionally protected activity has not been set forth in the Complaint.[4]

## State Law Claim

The Complaint also asserts that Plaintiff wishes to pursue a state law negligence claim.  Federal courts have jurisdiction over state claims which are related to the federal claims and result from a common nucleus of operative facts.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Aldinger v. Howard, 427 U.S. 1, 9 (1976).  Supplemental jurisdiction may be declined over a claim when the court has dismissed all claims over which it has original jurisdiction.  See 28 U.S.C. § 1367(c)(3) (1997).  When rendering a determination regarding pendent jurisdiction district courts should consider judicial economy, convenience, and fairness to the litigants.  New Rock Asset Partners v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir. 1996)(citation omitted).

Once jurisdiction has been exercised over the state claim, elimination of the federal claim does not deprive the court of jurisdiction to adjudicate the pendent claim.  Id. (citing Lentino v. Fringe Emp. Plans, Inc., 611 F. 2d 474, 479 (3d Cir. 1979)).  However, if a federal claim is dismissed prior to trial, the

---

[4]  This determination is bolstered by the fact that Jarvis dismissed the first misconduct against Doty and offered the prisoner the opportunity to return to general population. Moreover, there is no viable failure to protect claim since there are no allegations that Jarvis had the authority to either have Plaintiff removed from or placed into administrative segregation.

district court should decline to decide the pendent state claims, "unless considerations of judicial economy, convenience, and fairness provide an affirmative justification for doing so." Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995). Since this Court has dismissed the federal claims against the Defendant, jurisdiction will be declined with respect to any pendent state law claim that Plaintiff wishes to pursue.

**Conclusion**

Since Doty's civil rights claim is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Jurisdiction will be declined with respect to Plaintiff's pendent state law claim. An appropriate Order will enter.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 25, 2017